# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| **IRONROD INVESTMENTS, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CAUSE NO. 1:10-CV-293 |
| ) | |
| **THE WORLD WIDE GROUP, LLC,** ) | |
| d/b/a WORLD WIDE GROUP, LLC, ) | |
| **JOHN KRUSE, and RODERICK EGAN,** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

The Plaintiff filed this case in this Court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Docket # 1.) The Complaint alleges that Plaintiff Ironrod Investments is a Canadian corporation with its principal place of business in Ontario, Canada. (Compl. ¶ 1.) The Plaintiff also alleges that Defendant The World Wide Group is an Indiana limited liability company with its principal place of business in Auburn, Indiana; Defendant John Kruse resides in Auburn, Indiana; and Defendant Roderick Egan resides in Canada. (Compl. ¶¶ 2-4.) The Plaintiff's allegations, however, are woefully inadequate to establish this Court's subject matter jurisdiction.

To begin, a limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Therefore, the Court must be advised of the citizenship of *each member* of The World Wide Group, LLC, to ensure that none of its members share a common citizenship with the Plaintiff. *See Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006). Moreover, citizenship must be "traced through multiple levels" for those members of The World Wide

Group, LLC, who are themselves a partnership or a limited liability company, as anything less can result in a dismissal for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004). Accordingly, the Plaintiff must amend its Complaint to allege the citizenship of each member of The World Wide Group, LLC.

Furthermore, the "residency" of a party is meaningless for purposes of diversity jurisdiction, as "citizenship is what matters."[1] *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332). *See* 28 U.S.C. § 1332; *Nilssen v. Motorola, Inc.*, 255 F.3d 410, 412 (7th Cir. 2001). "It is well-settled that when the parties allege residence but not citizenship, the court must dismiss the suit." *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) (internal quotation marks and citation omitted). "For natural persons, state citizenship is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993); *see also Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) ("In federal law citizenship means domicile, not residence."). Consequently, the Plaintiff must amend its Complaint to properly allege the citizenship of Defendants Kruse and Egan.

If, however, Defendant Egan is in fact a Canadian *citizen*, this Court would apparently no longer have subject matter jurisdiction. "[C]ourts have rejected jurisdiction in suits where 'one

---

[1] For purposes of determining diversity jurisdiction, each party's citizenship must be articulated as of "the time of the filing of the complaint," rather than the date the claims are alleged to have arisen or some other time material to the lawsuit. *Multi-M Int'l, Inc. v. Paige Med. Supply Co.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992); *see Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996). Furthermore, "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004); *Hayes v. Bass Pro Outdoor World*, LLC, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003).

side of the litigation had only foreign parties and the other had a mixture of foreign and domestic parties,' because such a case does not fit within any of [28 U.S.C. § 1332's] jurisdictional pigeonholes." *Karazanos v. Madison Two Assoc.*, 147 F.3d 624, 627 (7th Cir. 1998) (quoting *Allendale Mut. Ins. v. Bull Data Sys.*, 10 F.3d 425, 427-28 (7th Cir. 1993)). *See also Israel Aircraft Indus. v. Sanwa Bus. Credit*, 16 F.3d 198, 202 (7th Cir. 1994) (finding no jurisdiction in suit arranged as alien v. citizen + alien); *Zenith Elec. Corp. v. Kimball Int'l Mfg., Inc.*, 114 F. Supp. 2d 764, 768 (N.D. Ill. 2000) (discussing the holding of *Karazanos* and *Allendale*). With the only plaintiff in this case a Canadian citizen and the defendants a mixture of citizens of the United States and a (ostensibly) Canadian citizen, this Court would likely lose subject matter jurisdiction.

Therefore, the Plaintiff is ORDERED to file an amended Complaint forthwith, properly alleging on personal knowledge the citizenship of each member of The World Wide Group, LLC, and the citizenship of individual Defendants John Kruse and Roderick Egan. If Defendant Egan is, in fact, a Canadian citizen, the Plaintiff is ORDERED to show cause why its Complaint should not be dismissed for lack of subject matter jurisdiction.

SO ORDERED.

Enter for August 26, 2010.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge